UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 05-95-DCR |
| | ) | Civil Action No. 6: 06-502-DCR |
| V. | ) | |
| | ) | |
| BILLY ROY EARLE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Billy Roy Earle's motion to vacate, set aside, or correct the sentence filed pursuant to 28 U.S.C. §2255. [Record No. 26] Consistent with local practice, Earle's motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1). Based on his review of the parties' arguments and the applicable law, on November 27, 2007, the Magistrate Judge recommended that Earle's motion be denied. [Record No. 41] Neither party filed objections to the Magistrate Judge's Recommended Disposition within the time permitted.[1]

---

[1] A review of the docket indicates that, by letter dated December 18, 2007, the Defendant advised the Clerk of the Court that he had been released from imprisonment. He also provided the Clerk with a current address in Middlesboro, Kentucky. This letter was docketed on December 20, 2007. [Record No. 42] On the same date, a person purporting to be a family member of Earle contacted the Clerk's office and indicated that Earle had not received a copy of the Magistrate Judge's Recommended Disposition. As a result, the Clerk forwarded an additional copy of the document to his Middlesboro address. Notwithstanding the assertion of the unidentified family member, Earle has not requested additional time to object or otherwise respond to the Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, *see* 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. As indicated by the Magistrate Judge, the record contradicts Earle's present claims that his counsel provided ineffective assistance. In addition to acknowledging under oath that Earle was satisfied with counsel's performance, the Defendant affirmed that no threats or coercion had caused him to enter into his Plea Agreement with the government. Instead, after the charges were summarized, Earle confirmed that he committed the offenses on the dates outlined in the indictment.

As the Magistrate Judge further observed,

Earle plainly fails to establish ineffective assistance of counsel in this case. Movant confessed to stealing seven to nine packages from the mail, and "the conviction rate when a defendant confesses is extremely high." *See Carnail v. Bagley*, 2006 WL 1876546, at *5 (N.D. Ohio, July 3, 2006). Counsel cannot be faulted for urging Earle to cooperate and plead guilty based on the confession and the corroborating evidence. Because conviction was highly likely, Earle had far more to gain at sentencing if he timely decided to plead guilty and accept responsibility. Indeed, Earle received a two-point reduction on his Guideline calculation and the United States dismissed eight of the eleven charged counts. *See* DE# 34 at 5-7 (hereafter "Sentencing"); *see also* Judgment at 1. Counsel's advice in this matter reflects "sound trial strategy." *See Strickland*, 104 S.Ct. at 2065.

(Record No. 41, footnote omitted.)  Further, as the Magistrate Judge correctly noted, Earle's allegations that his counsel should have contested his confession does not warrant relief because, even if contested, the confession would not have been suppressed under the circumstances presented.  (*See* Record No. 41, pp. 10-13.)[2]

The undersigned also agrees with the Magistrate Judge in concluding that an evidentiary hearing is not needed to resolve Earle's motion because the record conclusively demonstrates that his claims are without merit.  Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Petitioner Billy Roy Earle's motion to vacate, set aside, or correct the sentence [Record No. 26] is **DENIED**.

2. The Magistrate Judge's Recommended Disposition [Record No. 41] is **ADOPTED** and **INCORPORATED** by reference.

3. The United States' motion to dismiss [Record No. 35] is **GRANTED**.

4. Defendant/Petitioner Billy Roy Earle's civil action filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A Certificate of Appealability shall not issue as this Court finds that the Defendant/Petitioner has not made a substantial showing of the denial of a constitutional right.

This 27th day of December, 2007.

---

[2] The Court also agrees with the Magistrate Judge's analysis that Earle cannot establish that he was prejudiced by any alleged failure of his counsel to interview one identified witness. (*See* Record No. 41, pp. 14-15.)



Signed By:
*Danny C. Reeves* DCR
United States District Judge